[No. B105405. Second Dist., Div. Seven. June 24, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ANDRE D. MURPHY, Defendant and Appellant.

[No. B110682. Second Dist., Div. Seven. June 24, 1998.]

THE PEOPLE, Plaintiff and Appellant, v.
ANDRE D. MURPHY, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, only the People's appeal is certified for publication.

**COUNSEL**

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant and for Defendant and Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Appellant and for Plaintiff and Respondent.

Gil Garcetti, District Attorney (Los Angeles), Diana L. Summerhayes and Fred Klink, Deputy District Attorneys, for Plaintiff and Appellant and for Plaintiff and Respondent.

## OPINION

## JOHNSON, J.—

. . . . . . . . . . . . . . . . . . . . . . . . . .*

### FACTS AND PROCEEDINGS BELOW: PEOPLE'S APPEAL

The People appeal from the sentence imposed on defendant under the one strike law (Pen. Code, § 667.61).[11] We conclude that in sentencing a defendant convicted of committing violent sex offenses against different victims on different occasions the one strike law requires the trial court to impose one indeterminate life term per victim per occasion. Thereafter, the court should follow the normal sentencing rules in imposing sentence on offenses committed against each victim in addition to the offense for which the indeterminate life term is imposed. Under the circumstances of this case the trial court erred in not imposing two indeterminate life sentences, one for each victim, but acted correctly in imposing sentence on the violent sex offenses which did not qualify for indeterminate life terms.

The facts and proceedings, insofar as they are relevant to the People's appeal, are as follows:

The jury found Andre D. Murphy guilty of one count of forcible oral copulation against Kristy R. and guilty of three counts of forcible oral copulation, two counts of forcible rape and one count of genital penetration with a foreign object against Carma L. The undisputed evidence showed the crimes against Kristy R. and Carma L. occurred on separate occasions.

At the sentencing hearing, the People contended the one strike law required the court to sentence Murphy to two terms of fifteen years to life because he was convicted in one trial of committing a violent sex offense against two victims on two different occasions. (§ 667.61, subds. (b), (c), (e)(5).) The trial court, however, found an ambiguity in the one strike sentencing scheme because the statute does not specify the sentence to be imposed on defendants convicted of offenses against different victims on different occasions. Citing this ambiguity and the provisions of section 654,[12] the court ruled it could not impose more than one life sentence on Murphy. Therefore, the court imposed a life sentence on the conviction for

---

*See footnote, *ante*, page 35.

[11]All statutory references are to the Penal Code.

[12]Former section 654 provided in relevant part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one [.]"

forcible oral copulation against Kristy R. (count II), stayed sentencing on one count of forcible oral copulation against Carma L. (Count III) and imposed consecutive midterm sentences on the remaining counts involving her.

The People filed a timely appeal contending the sentence imposed on Murphy was unlawful. (§ 1238, subd. (a)(10). For the reasons explained below, there is no ambiguity in the provisions of section 667.61 with respect to sentencing a defendant convicted of violent sex offenses against different victims on different occasions, and imposing two life sentences under the facts of this case would not violate section 654. Therefore we reverse the judgment to the extent it stays sentencing on count III and remand the matter to the trial court with directions to sentence defendant to a term of 15 years to life as to count III and to exercise its discretion whether the sentences on counts II and III should run consecutively or concurrently.

DISCUSSION

I. *Statutory Background.*

California's one strike law requires a sentence of life in prison with possibility of parole upon conviction of a specified violent sex offense under one or more specified circumstances. We set forth the provisions of the statute applicable to this appeal.

Section 667.61, subdivision (b) provides in relevant part: "[A] person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years." One of the offenses specified in subdivision (c) is forcible oral copulation. (§ 667.61, subd. (c)(6).) One of the circumstances specified in subdivision (e) is "[t]he defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim." (§ 667.61, subd. (e)(5).)

Section 667.61, subdivision (g) provides in relevant part: "The term specified in [subdivision (b)] shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion. If there are multiple victims during a single occasion, the term specified in [subdivision (b)] shall be imposed on the defendant once for each separate victim. Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable."

## II. *Section 667.61 Provides for One Life Term Per Victim Per Occasion.*

■ The parties agree Murphy was convicted of offenses specified in subdivision (c) of section 667.61 as to Kristy R. and Carma L. They also agree the *only* circumstance which triggers punishment under the one strike law is that Murphy "has been convicted in the present case . . . of committing an offense specified in subdivision (c) against more than one victim." (§ 667.61, subd. (e)(5).) The parties disagree as to whether a defendant convicted in the same proceeding of violent sex offenses against multiple victims can be sentenced to a life term as to each victim where the only applicable circumstance is that the defendant was convicted in the same proceeding of violent sex offenses against multiple victims.

Contrary to the view expressed by the trial court, we find no ambiguity in the provisions of the one strike law as to sentencing defendants convicted of violent sex offenses on different victims on different occasions.

When offenses against multiple victims are tried together, the trial court follows the same procedure for each victim. First, the trial court determines if the defendant has been convicted of a violent sex offense specified in section 667.61, subdivision (c). If he has, the court then determines whether one or more of the circumstances listed in subdivisions (d) and/or (e) apply to that offense. If one or more of the listed circumstances applies the court sentences the defendant to life imprisonment with possibility of parole under either subdivision (a) or (b), depending on the circumstances it found applicable under subdivisions (d) and/or (e).

The only limitation on the number of life sentences which can be imposed is contained in section 667.61 subdivision (g), which provides that the defendant shall be sentenced to one life term per victim per occasion no matter how many offenses listed in subdivision (c) the defendant committed against a particular victim on a particular occasion.

In the present case, the provisions of section 667.61 subdivisions (c) and (e) were met because Murphy was convicted of committing an offense specified in subdivision (c) against more than one victim. Specifically, he was convicted of committing six "subdivision (c)" sex offenses against Carma L. and one "subdivision (c)" sex offense against Kristy R. Absent subdivision (g), Murphy would be sentenced to seven life terms under subdivision (b) which provides: "[A] person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years . . . ." But,

because six of the "subdivision (c)" offenses were committed against a single victim, Carma L., on a single occasion, subdivision (g) limits Murphy's punishment to one life term, instead of six, as to Carma L. Murphy was also convicted of a "subdivision (c)" sex offense against Kristy R. on a separate occasion under one of the circumstances specified in subdivision (e). Therefore, he is sentenced to another life term on that conviction. Thus, applying the unambiguous provisions of section 667.61, Murphy should have been sentenced to two terms of fifteen years to life under subdivisions (b) and (g).

Murphy argues, however, even if our construction of the one strike law is correct, the trial court cannot impose two 15-to-life terms based on section 667.61, subdivision (e)(5)—the multiple victim circumstance—because to do so would violate section 654. He contends two life sentences constitute double punishment for the "same act" i.e., the act of committing a violent sex offense against two different victims. In other words, each sex offense is punished by life imprisonment because of the other.

This same double punishment theory was advanced and rejected in *People v. Garnica* (1994) 29 Cal.App.4th 1558 [35 Cal.Rptr.2d 229] with respect to the multiple-murder special circumstance under section 190.2, subdivision (a)(3).[13] In *Garnica* the defendant argued the trial court violated section 654 in sentencing him to two concurrent terms of life in prison because he was being punished twice for the same act, which he defined as the act of committing two murders. The Court of Appeal held the two sentences were not an impermissible double punishment. The court reasoned: "The multiple-murder special circumstance is a legislative choice to treat as deserving of the most severe punishment a murderer convicted of *more than one murder*. In any one proceeding in which such a finding is made, the fact that the murder is one of multiple murders applies equally to *all* the murders of which the defendant is convicted. *Each* of the murders is deemed more heinous because it is one of *multiple* killings. We cannot gainsay this legislative determination." (29 Cal.App.4th at p. 1563, original italics.)

Similarly, in making multiple convictions for violent sex offenses punishable by multiple life sentences, the Legislature was expressing the view that multiple violent sex offenses deserve more severe punishment than a single violent sex offense because of the predatory nature of the perpetrator.

---

[13]Section 190.2, subdivision (a)(3) provides as a special circumstance: "The defendant, in this proceeding, has been convicted of more than one offense of murder in the first or second degree."

III. *The Trial Court Properly Sentenced Defendant on the Remaining Offenses as to Carma L.*

 Having determined defendant should have been given an indeterminate life sentence for one of the violent sex offenses against Carma L., the question arises what sentence, if any, should be imposed on the remaining violent sex offenses against her, i.e., offenses other than the forcible oral copulation in count III for which defendant must be sentenced to an indeterminate life term.

Section 667.61, subdivision (g), it will be recalled, provides an indeterminate life term "shall be imposed on the defendant once for any *offense or offenses* committed against a single victim during a single occasion. . . . Terms for *other offenses* committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable." (Italics added.)

One interpretation of this statutory language is that if several violent sex offenses were committed against a single victim on a single occasion the defendant can be sentenced on only one of them. Here, for example, defendant would be sentenced to an indeterminate life term on count III for one forcible oral copulation of Carma L. and sentencing stayed on the remaining counts involving her. This interpretation arises from the fact the "offense or offenses" referred to in the first sentence of section 667.61, subdivision (g) clearly have to be offenses coming within subdivision (a) or (b). Therefore, it is argued, the "other offenses" referred to in the last sentence of subdivision (g) must be offenses which do *not* come within subdivision (a) or (b).

The People offer a different interpretation. They contend the reference in the last sentence of section 667.61, subdivision (g) to "other offenses" includes any leftover violent sex offenses against the victim after one offense is punished by an indeterminate life term. These leftover offenses, the People maintain, should be punished as they normally would be if there were no one strike law. Here, for example, the trial court properly imposed midterm sentences on the remaining offenses.

While both interpretations of the statute are plausible, three factors lead us to conclude the Legislature intended the defendant be punished for every violent sex offense committed against the victim, not just the first one. This interpretation of section 667.61, subdivision (g) is consistent with subdivision (f) of the statute which provides if more special circumstances have been pled and proved than are necessary to trigger punishment under subdivision (a) then the leftover circumstances "shall be used to impose any

punishment or enhancement authorized under any other law." Furthermore, it would be a highly unusual sentencing scheme which imposed the same punishment on a defendant for one violent sex offense as for six. Not only is the defendant who commits six sex offenses more culpable than the defendant who commits only one, but under such a scheme nothing would deter a perpetrator from committing multiple offenses against a victim if he knows he can only be punished for one. Finally, the last sentence in subdivision (g) refers to imposing sentence under section 667.6. That section deals with enhancements and consecutive terms for repeat violent sex offenders. If the "other offenses" referred to in subdivision (g) did not include violent sex offenses, the reference to section 667.6 would serve no purpose.

## DISPOSITION

The sentencing portion of the judgment is reversed as to count III and the matter is remanded to the trial court with directions to sentence defendant to a term of 15 years to life as to that count, and to exercise its discretion whether the sentences on counts II and III should run consecutively or concurrently. In all other respects the judgment is affirmed.

Lillie, P. J., and Neal, J., concurred.