Filed 6/7/13  P. v. Sazo CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL SAZO<br><br>    Defendant and Appellant. | B241825<br><br>(Los Angeles County<br>Super. Ct. No. LA064978) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph A. Brandolino, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Miguel Sazo appeals from the judgment entered following his convictions by jury on count 1 – kidnapping to commit forcible oral copulation, sodomy, or rape (Pen. Code, § 209, subd. (b)(1)),[1] four counts of forcible oral copulation (§ 288a, subd. (c)(2); counts 2, 6, 8, & 13) with findings as to each of counts 2 and 6 that appellant committed aggravated kidnapping (§ 667.61, subd. (d)(2)) and as to each of counts 2, 6, 8, and 13 that appellant committed an offense against multiple victims (§ 667.61, subd. (e)(5)), count 4 – forcible rape (§ 261, subd. (a)(2)) with findings appellant committed aggravated kidnapping (§ 667.61, subd. (d)(2)) and an offense against multiple victims (§ 667.61, subd. (e)(5)), count 5 – attempted forcible sodomy (§§ 664, 286, subd. (c)(2)), count 7 – criminal threats (§ 422), two counts of forcible sodomy (§ 286, subd. (c)(2); counts 10 & 14) with findings as to each count that appellant committed an offense against multiple victims (§ 667.61, subd. (e)(5)), count 11 – second degree robbery (§ 211), and two counts of impersonating a public officer (§ 146a, subd. (b); counts 12 & 15).  The court sentenced appellant to prison for 141 years to life.  We affirm the judgment.

## FACTUAL SUMMARY

Viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence, the sufficiency of which is undisputed, established that on December 28, 2008, appellant, in Los Angeles County, kidnapped 16-year-old Ingrid S. to commit forcible oral copulation, forcible sodomy, or forcible rape (count 1), and committed against her two acts of forcible oral copulation (counts 2 & 6), forcible rape (count 4), attempted forcible sodomy (count 5), and criminal threats (count 7).

On May 11, 2009, appellant, in Los Angeles County, impersonated a police officer to E.S. (count 15), opened the driver's door of her car, and pushed her from the driver's seat to the passenger seat.  Appellant sat in the driver's seat, grabbed the hair on her head,

---

[1]     Subsequent statutory references are to the Penal Code.

2

and forced her to orally copulate him (count 13). Appellant released her hair, turned her in the passenger seat, and forcibly sodomized her (count 14).

On August 31, 2009, appellant, in Los Angeles County, impersonated a police detective to A.A. (count 12). Appellant drove A.A., who sat in the front passenger seat, to a secluded location, then forced her to orally copulate him (count 8). Appellant made A.A. move to the back seat, where he forcibly sodomized her (count 10). Appellant also robbed her (count 11).

## ISSUE

Appellant claims the trial court erred by imposing a One Strike law sentence for each of his convictions on counts 10 and 14.

## DISCUSSION

1. *The Trial Court Properly Imposed One Strike Law Sentences on Counts 10 and 14.*

As mentioned, the jury convicted appellant on, inter alia, counts 8, 10, 13, and 14, each of which alleged an offense specified in section 667.61, subdivision (c) of the One Strike law and the jury found true as to each of those counts a subdivision (e)(5) multiple victim allegation. Appellant's prison sentence included, as to each of counts 8 and 10 (involving A.A.) and as to each of counts 13 and 14 (involving E.S.), a consecutive term of 15 years to life pursuant to section 667.61, subdivisions (b), (c), and (e)(5) of the One Strike law.

Appellant claims his sentence was erroneous as to counts 10 and 14 because the trial court properly could impose a One Strike law sentence on only one of counts 8 and 10, and on only one of counts 13 and 14 where, as here (1) the only section 667.61, subdivision (e) circumstance applicable to each of those four counts was a subdivision (e)(5) multiple victim circumstance, and (2) appellant committed the offenses at issue in counts 8 and 10 against the same person (A.A.) and committed the offenses at issue in counts 13 and 14 against the same person (E.S.). We reject his claim.

Appellant argues, "Considering subdivision (f) relative to the multiple-victim circumstance of subdivision (e)(5), mandates that One Strike life terms based solely on

3

the 'multiple-victim' provision set forth in subdivision (e)(5) may be imposed once for each victim, whether committed on the same occasion or on separate occasions, but not more than once per victim."**[2]** (*Sic*.)

*People v. Valdez* (2011) 193 Cal.App.4th 1515 (*Valdez*) is directly on point. In *Valdez*, the defendant committed, inter alia, multiple One Strike law qualifying sexual offenses (hereafter, references to an offense(s) are to such a qualifying offense(s)) against Crystal and multiple offenses against Jessica, with a section 667.61, subdivision (e)(5) multiple victim circumstance finding as to each of the above offenses. The trial court imposed a One Strike law prison sentence of 15 years to life as to each offense. On appeal, the defendant claimed the One Strike law permitted only one such sentence for each crime victim. (*Valdez,* at pp. 1518-1522.)

*Valdez* rejected the argument as a matter of statutory interpretation of section 667.61, subdivision (e)(5). In particular, *Valdez* stated, "As did the defendant in [*People*

---

**2**    Section 667.61, subdivision (b), applicable at the time of appellant's 2009 offenses, states, in relevant part, ". . . any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life." Subdivision (c) lists the sexual offenses to which the section applies. Section 667.61, subdivision (e) states, in relevant part, "The following circumstances shall apply to the offenses specified in subdivision (c): [¶] . . . [¶] (5) The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim." Section 667.61, subdivision (f), states, "If only the minimum number of circumstances specified in subdivision (d) or (e) that are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b), whichever is greater, rather than being used to impose the punishment authorized under any other provision of law, unless another provision of law provides for a greater penalty or the punishment under another provision of law can be imposed in addition to the punishment provided by this section. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other provision of law."

4

*v. Stewart* (2004) 119 Cal.App.4th 163 (*Stewart*)], defendant contends the multiple-victim circumstance is different in kind from the other enumerated circumstances because all of the others refer to aggravating factors, such as kidnapping or the use of a dangerous weapon, occurring in *the commission of the present offense*. The *Stewart* court, however, cogently explained why that distinction makes no difference in terms of the statute's application: 'The statutory intent and scheme of Penal Code section 667.61, subdivision (e) is not difficult to discern. Where the "present offense" against a victim is a qualifying offense and the gravity of that offense is enhanced by one of the circumstances enumerated in subdivision (e)(1), (2), (3), (4), (6), or (7), the life sentence mandated by the statute shall apply. But even in circumstances where the subdivisions enumerated above do not apply, if a qualifying offense has been committed *against more than one victim*, the criminal conduct is considered equally severe and that conduct merits application of the statute so long as those offenses are prosecuted "*in the present case or cases.*" (Pen. Code, § 667.61, subd. (e)(5).)' (*Stewart*, *supra*, 119 Cal.App.4th at p. 171; see *People v. Murphy* (1998) 65 Cal.App.4th 35, 41 (*Murphy*) ['[I]n making multiple convictions for violent sex offenses punishable by multiple life sentences, the Legislature was expressing the view that *multiple violent sex offenses* deserve more severe punishment than a single violent sex offense because of the *predatory nature of the perpetrator.*'].)" (*Valdez*, *supra*, 193 Cal.App.4th at p. 1522; italics added.)

This is not a case in which appellant simply committed all offenses against the same person. We do not speak to that issue. In this case, appellant was convicted of committing multiple offenses against each of two different persons with a multiple victim circumstance finding as to each offense. To that extent, the facts in this case are the same as those in *Valdez*. *Valdez* upheld One Strike law sentences imposed on each of the offenses in that case. We believe the same result obtains here.

There is no dispute the trial court properly imposed One Strike law sentences on each of counts 8 and 13 pursuant to Penal Code section 667.61, subdivisions (b), (c), and (e)(5). In other words, there is no dispute that (1) as to count 8 (committed against A.A.

5

and based on the subdivision (e)(5) multiple victim finding as to that count), appellant was "convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e)" within the meaning of subdivision (b), (2) as to count 13 (committed against E.S. and based on the subdivision (e)(5) multiple victim finding as to count 13), appellant was "convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e)" within the meaning of subdivision (b); therefore, (3) a One Strike law prison sentence of 15 years to life on count 8 was mandatory. Nor is there any dispute that, for the same reasons, a One Strike law sentence of 15 years to life on count 13 was mandatory.

Appellant challenges only his sentences on counts 10 and 14. However, we believe the rationale applicable to counts 8 and 13 applies to counts 10 and 14. Indeed, we believe that once a defendant in a case is convicted of multiple offenses, each with only a multiple victim finding, and any two of those offenses were committed against different persons, Penal Code section 667.61, subdivisions (b), (c), and (e)(5) require that a One Strike law prison sentence of 15 years to life be imposed on every offense in the case.

The only real difference between the facts in *Valdez* and those in this case is that every offense the defendant committed in *Valdez* apparently was committed on a separate occasion (*Valdez, supra*, 193 Cal.App.4th at pp. 1519-1520) while, in the present case, it is arguable appellant committed all of his August 31, 2009 offenses against A.A. on the same occasion as to her and committed all of his May 11, 2009 offenses against E.S. on the same occasion as to her. However, the claims of the defendant in *Valdez* and appellant are the same, i.e., once a One Strike law sentence is imposed for an offense a defendant committed against a person, no such sentence can be imposed in the same case for another offense(s) that that defendant committed against that same person, and appellant maintains this is true "whether [the offenses were] committed on the same occasion or on separate occasions." The defendant in *Valdez* phrased it, "regardless of whether the crimes were committed on separate occasions." (*Valdez,* at p. 1522.)

6

Appellant urges this is true even though, in this case, appellant committed offenses against different persons.

If the defendant's argument were correct, a defendant convicted in a case of committing, during a short period, 10 offenses, each against a different person, with a multiple victim finding as to each offense, would receive 10 One Strike law sentences. However, a defendant convicted in another case of committing, on fully separate occasions, 10 offenses, nine of which the defendant committed against the same person and one of which the defendant committed against a different person would receive only two One Strike law sentences. We believe that result would conflict with the legislative policy as to why the One Strike law makes multiple convictions for violent sex offenses punishable by multiple life sentences: multiple violent sex offenses deserve more severe punishment than a single violent sex offense because of the *predatory nature* of the perpetrator. In the above example, the defendant committed nine offenses against the *same person* but, because of the *predatory nature* of the defendant, that person was *sexually wronged* nine different times.

Although appellant argues *Valdez* was wrongly decided, we believe it correctly states the law. We conclude the trial court in this case did not err in conflict with section 667.61, subdivision (e)(5) by imposing a One Strike law sentence on each of counts 8, 10, 13, and 14.

Insofar as section 667.61, subdivision (f) is concerned, *Valdez* rejected the defendant's reliance on that subdivision to support his argument the trial court erroneously imposed a One Strike law sentence on each of the defendant's multiple offenses against Crystal and Jessica. *Valdez* stated, "Nothing in [subdivision (f)] even hints at an intent to limit imposition of the subdivision (b) one strike life term, based on the multiple-victim circumstance. Rather, it evinces the intent to ensure the greatest possible punishment under that sentencing scheme." (*Valdez*, *supra*, 193 Cal.App.4th at p. 1523.) We agree and conclude the trial court in this case did not err in conflict with

section 667.61, subdivision (f) by imposing a One Strike law sentence on each of counts 8, 10, 13, and 14.[3]

None of the cases cited by appellant compels a contrary conclusion. In particular, in *Stewart*, *supra*, 119 Cal.App.4th 163, the defendant committed on September 3, 2000, two offenses (counts 4 & 5) against S. and M.,[4] and, on October 1, 2000, three offenses (counts 1 – 3) against S. on a bed in the defendant's bedroom. (*Id.* at pp. 167, 169-172.) The trial court imposed a One Strike law sentence of 15 years to life on each of counts 1 through 5, and stayed the sentence on count 1 pursuant to section 654. (*Stewart,* at pp. 169, 175.)

On appeal, the defendant argued that a One Strike law sentence based solely on a section 667.61, subdivision (e)(5) multiple victim circumstance could not properly be imposed for an offense unless the defendant committed that particular offense against multiple victims. (*Stewart*, *supra*, 119 Cal.App.4th at p. 171.) In particular, the defendant urged that just as other subdivision (e) circumstances addressed conditions relating to the "present offense," so, too, the multiple victim circumstance applied only if,

---

[3]     Appellant alludes to a former version of section 667.61, subdivision (g) which placed a limitation on multiple One Strike law sentences and which was discussed in, e.g., *Murphy, supra,* 65 Cal.App.4th 35, and *People v. DeSimone* (1998) 62 Cal.App.4th 693 (*DeSimone*). That former subdivision (g) stated, "The term specified in subdivision (a) or (b) shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion. If there are multiple victims during a single occasion, the term specified in subdivision (a) or (b) shall be imposed on the defendant once for each separate victim. Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable." However, the Legislature eliminated former subdivision (g) in 2006, prior to appellant's 2009 offenses, the former subdivision (g) has no application to appellant's offenses, and the One Strike law applicable at the time of appellant's offenses contained no such limitation. (*People v. Rodriguez* (2012) 207 Cal.App.4th 204, 212-214.) In his reply brief, appellant denies he is "attempting here to improperly resurrect" the former subdivision (g); therefore, there is no need to discuss it further.

[4]     *Stewart* was unclear as to which of those two counts pertained to S. and which pertained to M.

8

when the defendant committed the particular offense, the defendant committed it against multiple victims. (*Stewart*, at p. 171.) (For example, a single count of rape would have to allege there were two victims of that same rape.)

*Stewart* rejected the argument as a matter of statutory interpretation of section 667.61, subdivision (e)(5), noting subdivision (e)(5) referred, not to the "present offense," but to " 'the present case or cases.' " (*Stewart*, *supra*, 119 Cal.App.4th at p. 171.) *Stewart* also noted that a sexual offense typically involves, and is charged as, a wrong against a single victim; therefore, if the defendant's argument were correct that the multiple victim circumstance applied only if the defendant committed the particular offense against multiple victims, the circumstance would rarely, if ever, apply. (*Id.* at p. 172.)

*Stewart* concluded there was "only one victim" (*Stewart*, *supra*, 119 Cal.App.4th at p. 172) as to counts 1 through 3 involving S., but counts 1 through 5 (including the count involving the offense committed against M. on September 3, 2000; see fn. 4, *ante*) were tried in "the present case" within the meaning of section 667.61, subdivision (e)(5); therefore, there were multiple victims and the multiple victim circumstance applied to each of counts 1 through 5. (*Stewart,* at pp. 171-172.)

Appellant does not explicitly argue the section 667.61, subdivision (e)(5) multiple victim circumstance cannot properly be imposed for an offense unless the defendant committed the particular offense against multiple victims, and even if appellant had argued this, we would have rejected the argument based on *Stewart*. Moreover, the pertinent analysis in *Stewart* supports our conclusion in the present case.

*DeSimone, supra,* 62 Cal.App.4th 693, cited by appellant, does not help him. In *DeSimone*, the defendant committed, inter alia, an offense against his wife with two subdivision (e) circumstances, one of which was a multiple victim circumstance. The defendant also committed an offense with a multiple victim circumstance against his wife's child. The trial court imposed a One Strike law prison sentence of 25 years to life as to the offense against the wife, and a One Strike law prison sentence of 15 years to life

9

as to the offense against the child.  On appeal, the defendant broadly claimed the One Strike law permitted only one One Strike law sentence in the entire case.  (*DeSimone,* at pp. 694-696.)  *DeSimone* rejected the claim and affirmed the judgment.  (*Id.* at pp. 694-696, 698-699.)[5]  Appellant does not make the broad claim made by the defendant in *DeSimone*.  In any event, *DeSimone* rejected the claim and affirmed the judgment.  The analysis and result in *DeSimone* support our conclusion in the present case.

Appellant's reliance upon *Murphy, supra,* 65 Cal.App.4th 35, is inapposite.  In *Murphy*, in relevant part, the defendant committed one offense against Kristy R., and multiple offenses against Carma L., each with a multiple victim circumstance.  However, the trial court imposed only a single One Strike law sentence, i.e., as to the offense committed against Kristy R.  (*Murphy*, at pp. 38-39.)  *Murphy* concluded that, *absent former section 667.61, subdivision (g)*, the trial court was obligated to impose a One Strike law sentence *as to each offense committed against Kristy R. and Carma L.* (*Murphy,* at pp. 40-41.)  *Murphy* remanded the matter to the trial court for resentencing. (*Id.* at p. 43.)  The pertinent analysis in *Murphy* supports our conclusion in the present case.

Although appellant, in his opening brief, quotes language from page 38 in *Murphy* indicating the trial court in that case properly could sentence the defendant to only one One Strike law sentence per victim per occasion, that limitation arose from the application of former section 667.61, subdivision (g) (*Murphy*, *supra*, 65 Cal.App.4th at pp. 40-41) which does not apply in this case (see fn. 3, *ante*).

---

[5]  *DeSimone* also rejected an argument the defendant made concerning former section 667.61, subdivision (g).  (*DeSimone*, *supra*, 62 Cal.App.4th at p. 699.)  There is no need to discuss that issue since that subdivision does not apply in this case.  (See fn. 3, *ante*.)

## *DISPOSITION*

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



KITCHING, J.

We concur:



CROSKEY, Acting P. J.



ALDRICH, J.


11