Filed 8/19/14  P. v. Quintana CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR QUINTANA,<br><br>    Defendant and Appellant. | B249365<br><br>(Los Angeles County<br>Super. Ct. No. KA091434) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed and remanded with directions.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Victor Quintana appeals from a judgment and sentence, following his convictions for attempting to commit and committing lewd acts upon two children and for continuous sexual abuse of the two victims. He contends his life sentences on three counts should be vacated and the matter remanded for resentencing, as the life sentences violated ex post facto principles. He further contends that his sentence on one count should be reduced from four years to three years. The People agree that the life sentences were unauthorized, but contend that the four-year prison sentence fell within the trial court's discretion. For the reasons stated below, we affirm the convictions and remand for resentencing.

## PROCEDURAL HISTORY

In an amended information, appellant was charged in counts 1 and 2 with committing lewd acts upon a child (victim I.D.) between March 30, 1999 and March 29, 2000 (Pen. Code, § 288, subd. (a)).[1] In count 4, he was charged with committing lewd acts upon I.D. between March 30, 2005 and March 29, 2008 (§ 288, subd. (a)). In count 3, appellant was charged with continuous sexual abuse of I.D. between March 30, 2000 and March 29, 2005 (§ 288.5, subd. (a)). In count 5, he was charged with continuous sexual abuse of I.D.'s sister, A.D., between October 3, 1998 and October 2, 2004 (§ 288.5, subd. (a)). Finally, in count 6,[2] he was charged with attempted forcible lewd acts upon A.D. between October 3, 2004 and October 2, 2006 (§§ 664/288, subd. (b)(1)). It also was

---

[1]     All further statutory citations are to the Penal Code, unless otherwise stated.

[2]     The original count 6 was dismissed. Based upon the jury verdict and the court's oral pronouncement of sentence, count 7 was apparently renumbered to count 6. Although the abstract of judgment refers to count 6 as count 7, we will use count 6. On remand, the court is directed to correct the abstract of judgment to reflect the oral pronouncement of sentence.

2

alleged that as to each count, appellant committed his crimes against more than one victim, within the meaning of section 667.61, subdivisions (b) and (e).

A jury found appellant guilty of all charges and found the special allegation to be true. Appellant was sentenced to state prison for 15 years to life on counts 1, 2, and 4. He was sentenced to 16 years in prison on counts 3 and 5. On count 6, appellant was sentenced to four years in prison. With the exception of count 2, all counts were to run consecutively.

Appellant timely noticed an appeal from the judgment of conviction.

## FACTUAL BACKGROUND[3]

I.D. was born in March 1994. She testified that appellant began sexually abusing her when she was in kindergarten, and last molested her when she was 11 or 12 years old.

I.D.'s older sister, A.D., was born in October 1992. A.D. testified that appellant sexually abused her for the first time when she was in the second grade. When A.D. was in seventh grade, appellant tried to molest her again. He grabbed her by the wrist and tried to push her onto a bed, but A.D. fought him off. When she told him she would tell her mother, appellant "backed off and he left."

## DISCUSSION

Appellant does not challenge his convictions, and raises only sentencing errors. He contends his 15 years to life sentences on counts 1, 2, and 4 violated ex post facto principles, as (1) no offense against A.D. was a qualifying offense under the operative sentencing law until November 8, 2006, and (2) the last wrongful act against I.D. occurred before November 2006. He further contends that his four-

---

[3] We limit our discussion of the facts to those relevant to the sentencing issues raised on appeal.

3

year sentence on count 6 should be reduced to three years, as the trial judge sentenced him to the "midterm" on that offense, and the midterm is three years.

      A.    *The Life Sentences on Counts 1, 2, and 4 Violated Ex Post Facto Principles.*

      The federal and California Constitutions both prohibit ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. 1, § 9.)  "The federal and state prohibitions against ex post facto laws apply to any statute that punishes as a crime an act previously committed which was not a crime when done or . . . inflicts greater punishment than the applicable law when the crime was committed." (*People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1178.)  An ex post facto violation resulting in an unauthorized sentence may be raised on appeal even if the defendant failed to object below and may be corrected at any time.  (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.)  A challenge under the ex post facto clause is reviewed de novo.  (*United States v. Mason* (9th Cir. 1990) 902 F.2d 1434, 1437.)

      Appellant was sentenced to 15 years to life on counts 1, 2 and 4 under the one strike sentencing law.  (See § 667.61.)  Under section 667.61, subdivision (e)(4), a life sentence is mandated when the defendant is convicted of committing an enumerated crime -- listed in the preceding subdivision (c) -- "against more than one victim."  Thus, the one strike law authorizes a 15 years to life sentence if a defendant is convicted of a qualifying offense and also has committed a qualifying offense against another victim during the same period.  (*People v. Murphy* (1998) 65 Cal.App.4th 35, 40.)  A violation of section 288 (counts 1, 2, and 4) is a qualifying offense.  (§ 667.61, subd. (c).)  Effective November 8, 2006, a violation of section 288.5 (count 5) became a qualifying offense.  (See Stats. 2006, ch. 337, § 33.)  A violation of sections 664/288, subdivision (b)(1) (count 6) has never been

a qualifying offense. (See Stats. 1993-1994, 1st Ex. Sess., ch. 14, § 1, pp. 8570-8572.)

Appellant was convicted of committing lewd acts upon I.D. in violation of section 288 (counts 1, 2, & 4) -- a qualifying offense under the one strike law. Additionally, he was convicted of committing continuous sexual abuse of A.D. in violation of section 288.5 (count 5) and attempting forcible lewd acts upon A.D. in violation of sections 288/664 (count 6).

Counts 1 and 2 were not subject to a one strike sentence, because neither count 5 nor count 6 was a qualifying offense at the time counts 1 and 2 were alleged to have occurred (between March 30, 1999 and March 29, 2000): count 5 -- the section 288.5 offense against A.D. -- was not a qualifying offense until November 8, 2006, and count 6 -- the attempted violation of section 288, subdivision (b)(1) against A.D. -- has never been a qualifying offense. Thus, during the period when counts 1 and 2 occurred, appellant committed no qualifying offense against another victim. Accordingly, the life sentences for counts 1 and 2 must be vacated and a determinate sentence imposed.

Similarly, count 4 (lewd acts upon I.D.) is not subject to a one strike sentence, as the evidence does not support a finding that a qualifying offense was committed against another victim (A.D.) during the time the sexual abuse of I.D. occurred. As noted, the section 288.5, subdivision (a) offense against A.D. did not become a qualifying offense until November 8, 2006. Although it was alleged that count 4 was committed against I.D. between March 30, 2005 and March 29, 2008, the testimony at trial showed that the last lewd act upon I.D. was committed no

later than June 2006.[4] Thus, appellant's life sentence on count 4 was unauthorized and must be vacated, and the matter must be remanded for resentencing.

      B.     *The Sentence on Count 6 Must Be Clarified by the Trial Court.*

In count 6, the jury found appellant guilty of the offense of attempted forcible lewd act upon a child. The prosecutor requested the high term, and defense counsel indicated that the possible terms were two-and-a-half years, four years, and five years. The trial judge denied probation, found aggravating factors and no mitigating factors, and sentenced appellant to the "midterm" of four years.

At the time appellant committed his offense, the punishment applicable to count 6 was three, six or eight years in prison. (§ 288, subd. (b)(1).) The punishment for an attempted crime, however, was one-half the term of imprisonment prescribed upon a conviction of the offense. (§ 664, subd. (a).) Therefore, the midterm sentence was three years, rather than four. The People contend that the trial court misspoke and intended to sentence appellant to the high term of four years. As the prosecution requested the high term and a four year sentence was within the trial court's sentencing discretion, we will remand for the court to clarify whether it intended to sentence appellant to the midterm of three years or the high term of four years. (See *People v. Castaneda* (1999) 75 Cal.App.4th 611 [where high term justified by factors in aggravation, on

---

[4]    I.D. testified that appellant last molested her while she attended fifth grade for the first time, after appellant returned from a trip to New Mexico. Based on I.D.'s birth date, that act occurred sometime between September 2004 and June 2005. A.D. testified that appellant returned from the New Mexico trip when she was in seventh grade. Based on A.D.'s birth date, that would have been sometime between September 2005 and June 2006, or when I.D. was in the fifth grade for the second time. Under either scenario, appellant's last sexual abuse of I.D. occurred prior to November 8, 2006, the date when section 288.5 became a qualifying offense under the one strike law.

remand, trial court may resentence defendant to same term as original sentence by increasing principal term to high term].)

## DISPOSITION

The convictions are affirmed.  The matter is remanded to the superior court for resentencing on counts 1, 2 and 4, and for clarification on count 6.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**



MANELLA, J.


We concur:


EPSTEIN, P. J.


EDMON, J.*

_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section  6 of the California Constitution.