Filed 4/21/16  P. v. Martinez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANNY ALBERT MARTINEZ,<br><br>    Defendant and Appellant. | B264922<br><br>(Los Angeles County<br>Super. Ct. No. BA421698) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Drew E. Edwards, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Stacy S. Schwartz, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Danny Albert Martinez (defendant) stands convicted of seven counts of committing lewd acts upon a child (Pen. Code, § 288, subd. (a)),[1] five upon one child and two upon a different child. Because defendant was convicted of "committing a [designated sex] offense . . . against more than one victim," the trial court applied our state's "One Strike" law (§ 667.61) and imposed a sentence of 15 years to life on each of the seven counts. On appeal from the resulting 110-year prison sentence, defendant argues that the trial court was limited to imposing just *two* 15-year-to-life sentences, one for each different victim. This argument has been rejected by every court to have considered it. We agree with these other decisions, and affirm.

## FACTS AND PROCEDURAL BACKGROUND

Between 1997 and 2007, defendant lived with his minor stepdaughter, Crystal. During that time, defendant repeatedly engaged in sexual conduct with her: When she was four years old, defendant on one occasion placed her on his groin and rubbed his penis against her vagina and on another occasion touched her vagina with his hand. When she was eight, he performed oral sex on her and regularly attempted to have vaginal intercourse with her until she told him it hurt. And when she was 12, defendant would have oral and vaginal sex with her a few times a week.

Toward the end of this same time frame, in 2006 and 2007, defendant's biological daughter, A., would sometimes visit. During one of those visits, when A. was 12 or 13 years old, defendant kissed her "in a romantic sort of way" with his tongue and thrust his knee against her vagina. A week later, he again kissed her, and also groped her breasts and slid his fingers under her clothing to penetrate her vagina.

The People charged defendant with a total of eight counts of committing a lewd act upon a child (§ 288, subd. (a)), each tied to a separate incident, six involving Crystal and two involving A. The People also charged defendant with a single count of continuous sexual abuse (§ 288.5, subd. (b)) against Crystal. The People further alleged

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

that these crimes were subject to sentencing under the One Strike law (§ 667.61), and that defendant's 1994 conviction for first-degree residential burglary (§ 459) constituted a "strike" under our "Three Strikes" law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)) as well as a prior "serious" felony (§ 667, subd. (a)).

A jury convicted defendant of five counts of committing a lewd act against Crystal, and two counts of committing a lewd act against A.; the jury also found true the allegation that defendant had committed a sex offense against more than one victim. The jury acquitted defendant of one of the lewd act counts against Crystal; the trial court had dismissed the continuous sexual abuse count prior to trial.

The trial court imposed a 110-year prison sentence. Because of the jury's multiple victim finding, the court applied the One Strike law and imposed the minimum 15-year-to-life sentence for each of the seven lewd act counts. The court ran the sentences consecutively, and added an additional five years for the prior "serious" felony conviction.

Defendant filed a timely appeal.

## DISCUSSION

On appeal, defendant argues that the trial court misapplied the One Strike law because, in his view, its multiple victim enhancement only authorizes one life sentence per victim—not the seven that were imposed here. This argument, or variants of it, have been raised and rejected time and again. (See *People v. Andrade* (2015) 238 Cal.App.4th 1274, 1305 (*Andrade*); *People v. Valdez* (2011) 193 Cal.App.4th 1515, 1522 (*Valdez*); *People v. Stewart* (2004) 119 Cal.App.4th 163, 174 (*Stewart*); *People v. Murphy* (1998) 65 Cal.App.4th 35, 38 (*Murphy*); *People v. Jones* (1997) 58 Cal.App.4th 693, 719 (*Jones*); cf. *People v. Desimone* (1998) 62 Cal.App.4th 693, 698, fn. 2 [not reaching the issue].) Indeed, our Supreme Court has observed that "[t]he One Strike scheme . . . contemplates a separate life time for each victim attacked *on each separate occasion*." (*People v. Wutkze* (2002) 28 Cal.4th 923, 930-931 (*Wutkze*), italics added.) We independently examine this question of statutory construction (*People v. Tran* (2015) 61 Cal.4th 1160, 1166), and join with these other courts in rejecting defendant's argument.

3

"Since its adoption in 1994, California's One Strike law (§ 667.61) has set forth an 'alternative and harsher sentencing scheme for certain sex crimes.' (*People v. Anderson* (2009) 47 Cal.4th 92, 102, 107.) For the sex crimes falling with its reach (§ 667.61, subd. (c) [enumerating crimes]), a first-time offense can result in one of two heightened sentences. The sentence will be 15 years to life if the jury finds (or the defendant admits) one or more of the 'circumstances' listed in section 667.61, subdivision (e). (§ 667.61, subds. (b) & (e).) The sentence will be 25 years to life if the jury finds (or the defendant admits) either (1) *two* of the 'circumstances' listed in section 667.61, subdivision (e); or (2) *one* of the more aggravated 'circumstances' listed in section 667.61, subdivision (d). (§ 667.61, subds. (a), (d) & (e).)." (*People v. Perez* (2015) 240 Cal.App.4th 1218, 1223.)

The One Strike law applies to the crime of committing a lewd or lascivious act against a child (§ 667.61, subd. (c)(8)), and the jury in this case found true, for each crime, one of the "circumstances" listed in section 667.61, subdivision (e)—namely, that defendant had been convicted of "committing [that] offense against more than one victim" (§ 667.61, (e)(4)). As a result, the One Strike law prescribes a sentence of 15 years to life for each of those offenses. (§ 667.61, subd. (b).)

Defendant nevertheless appears to raise five arguments in support of his proffered construction of the One Strike law. First, he argues that the current version of section 667.61, subdivision (f), reflects our Legislature's intent to "avoid[] an unreasonable application of the multiple-victim provision to each and every qualifying offense committed against the same victim." Subdivision (f) does no such thing. That subdivision provides that (1) if the People allege and prove only one circumstance that could be used either to trigger a heightened, One Strike law sentence for a crime or to trigger some other non-One Strike law enhancement, the sentencing court must use that circumstance in whichever manner will result in the longest sentence, and (2) if the People allege and prove more than one circumstance that could be used to trigger a heightened, One Strike law sentence for a crime, the sentencing court must use the minimum number of circumstances necessary to impose the highest One Strike law sentence and use the remaining circumstances to impose additional punishment under any

4

other applicable laws.[2] (§ 667.61, subd. (f).) "Nothing in [this provision] even hints at an intent to limit imposition of the [15 year to life One Strike law] term, based on the multiple victim circumstances. Rather, it evinces the intent to ensure the greatest possible punishment under that sentencing scheme." (*Valdez*, *supra*, 193 Cal.App.4th at p. 1523.)

Second, defendant argues that a now-repealed subdivision of the One Strike law— subdivision (g)—lends support to his argument. That subdivision, which was in effect until 2006 (and thus in effect during some of defendant's crimes), provided that a separate One Strike Law sentence "shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion." (Former § 667.61, subd. (g).) Defendant does not dispute that each of his separate convictions against Crystal and A. occurred on different occasions; nor could he, because the evidence at trial indicated multiple lewd acts against each victim separated in time by days, months or years. Instead, defendant argues that subdivision (g) evinces a legislative intent that a defendant only receive one life sentence per victim when the multiple victim circumstance is the only One Strike Law circumstance found to be true. Other courts have declared this to be a "tortured and implausible reading" of subdivision (g) (*Jones*, *supra*, 58 Cal.App.4th at p. 719), and we agree: "Subdivision (g) carves out the commission of multiple offenses against a single victim on a single occasion, and, in that

---

[2]  In full, the text reads: "If only the minimum number of circumstances specified in subdivision (d) or (e) that are required for the punishment provided in subdivision (a), (b), (j), (l), or (m) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a), (b), (j), (l), or (m) whichever is greater, rather than being used to impose the punishment authorized under any other provision of law, unless another provision of law provides for a greater penalty or the punishment under another provision of law can be imposed in addition to the punishment provided by this section. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), (j) or (l) and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other provision of law." (§ 667.61, subd. (f).)

5

situation *only*, it limits the trial court to imposing a single indeterminate term. It does not prohibit the imposition of multiple indeterminate terms for multiple offenses committed against multiple victims on multiple occasions." (*Jones*, at p. 719, italics omitted; see also *Desimone*, *supra*, 62 Cal.App.4th at pp. 697-699 [reaching same conclusion].)

Third, defendant suggests that the multiple victim circumstance under the One Strike law is a less aggravated circumstance than the other circumstances in section 667.61, subdivision (e). To be sure, the other circumstances that are listed in subdivision (d) and (e) and that trigger heightened sentences are different in kind from the multiple victim circumstance insofar as they pertain to "the manner of committing the crime" or a defendant's *prior* convictions. (*Desimone*, *supra*, 62 Cal.App.4th at p. 697.) But the multiple victim circumstance is no different in severity. To the contrary, our Supreme Court has commented that "persons convicted of sex crimes against multiple victims . . . 'are among the most dangerous'" (*Wutzke*, *supra*, 28 Cal.App.4th at pp. 930-931), no doubt because such conduct reflects "the predatory nature of the perpetrator" (*Murphy*, *supra*, 65 Cal.App.4th at p. 41).

Fourth, defendant urges us to apply two canons of statutory construction—the "rule of lenity" and the rule favoring the more reasonable of two possible interpretations of a statute. These canons are helpful tools when a statute's plain language is ambiguous. (See *People v. Whitmer* (2014) 59 Cal.4th 733, 768-769 [rule of lenity applies when a statute is ambiguous]; *People v. Arias* (2008) 45 Cal.4th 169, 177 [rule requiring "more reasonable" construction applies if statute is "amenable to two alternative interpretations"].) They are irrelevant where, as here, the statute's text and plain meaning are clear.

Lastly, defendant implores us to disagree with the precedent lined up against him. Although we are not bound by the decisions of our sister Courts of Appeal (*Jessen v. Mentor Corp.* (2008) 158 Cal.App.4th 1480, 1489, fn. 10), we are unpersuaded by defendant's attempts to assail their logic.

6

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
HOFFSTADT

We concur:

_____, Acting P.J.
ASHMANN-GERST

_____, J.
CHAVEZ

7