[No. B111973. Second Dist., Div. Six. Mar. 25, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT FREDERICK DeSIMONE, Defendant and Appellant.

694

## COUNSEL

Paul M. Posner, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Steven D. Matthews, Stephen M. Kaufman and Deborah Bigbee Sturrock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COFFEE, J.**—In this appeal, appellant Robert Frederick DeSimone challenges the calculation of his sentence under Penal Code section 667.61, the

so-called "One Strike" law.[1] We reject his argument that only one "multiple victim" finding under section 667.61, subdivision (e)(5) was permitted in this case, and affirm the judgment.

### FACTUAL BACKGROUND

Appellant and D. married in 1991 and had two sons together. D.'s daughter Desiree, born in 1985, also lived with the couple. The marriage started out well but deteriorated because D. would not acquiesce to appellant's demands for oral sex. Appellant would sometimes wake D. in the middle of the night and masturbate over her. On some nights he would manipulate her body or attempt to place his penis in her mouth while she pretended to sleep. D. believed appellant was aroused by her resistance and did not enjoy sex unless it was "like a fight."

By early 1996, appellant had become more sexually demanding in his relationship with D. One night he straddled her and tried to stick his penis in her mouth. When she resisted, he bound her hands and feet to the bedposts using his neckties. Although D. cried for him to stop, he forced her to have vaginal intercourse after a failed attempt to penetrate her anally. D. initially thought of this incident as a "problem in the marriage" rather than a rape and did not go to the police.

Appellant began to molest Desiree in 1993, when she was in the second grade, and continued on a regular basis until the time of his arrest in this case on June 9, 1996. Appellant usually required Desiree to orally copulate him, but sometimes rubbed his penis against her vagina or placed her hands on his penis. Desiree did not tell her mother because she was afraid D. would be angry.

On the morning of June 9, 1996, appellant took Desiree inside their garage while D. was still sleeping. He made her suck his penis and then watch him as he ejaculated. D. walked into the garage as appellant was pulling up his pants and noticed he had an erection. Although initially reluctant to say anything, Desiree told her mother about the molestations.

D. left the house with Desiree and reported the matter to the police immediately. The same day she made a monitored "cool call" to appellant, during which he admitted that he had molested Desiree and estimated it had happened more than 100 times.

D. told her children's babysitter what had happened to Desiree. This led to the revelation that appellant had regularly touched the babysitter's daughter Amanda in inappropriate ways when she was 12 and 13 years old.

---

[1] All further statutory references are to the Penal Code.

PROCEDURAL HISTORY

Appellant was convicted by the court of 22 counts of lewd conduct with a child and 1 count of continuous sexual abuse of a child, based on the numerous instances of sexual contact with Desiree. (§§ 288, subd. (a), 288.5.) He was also convicted of one count each of forcible spousal rape and attempted forcible oral copulation against D. (§§ 262, subd. (a)(1), 664, 288a, subd. (c)), and twelve counts of misdemeanor annoying or molesting a child based on his inappropriate contact with Amanda (§ 647.6).

The court also made findings under section 667.61, which required appellant to be sentenced as a "One Striker." As to the spousal rape count against D., the trial court found that appellant had been convicted in the present case of committing an offense against more than one victim (§ 667.61, subd. (e)(5)), and had engaged in the tying or binding of the victim (§ 667.61, subd. (e)(6)). As to one of the lewd conduct counts against Desiree, the court made another multiple victim finding. (§ 667.61, subd. (e)(5).) Consecutive terms of 25 years to life and 15 years to life, respectively, were imposed on these counts. The court also imposed a concurrent determinate term totaling 41 years for the remaining felony counts, and a jail term for the misdemeanor counts against Amanda.

DISCUSSION

I.

*The Trial Court Properly Imposed Two Life Sentences Based on the Multiple Victim Circumstance Under Section 667.61, Subdivision (e)(5)*

A. *Introduction*

██ Appellant's sentence included two indeterminate terms under section 667.61, both of which were based on a finding of multiple victims under subdivision (e)(5). He claims this circumstance can be used only once in a case, and urges us to strike the (e)(5) finding on one of the counts.

Section 667.61 requires the trial court to impose a life sentence when the defendant is convicted of an enumerated sexual offense and the People plead and prove one or more of the specified aggravating circumstances. (See § 667.61, subds. (a)-(e); *People v. Jones* (1997) 58 Cal.App.4th 693, 719-720 [68 Cal.Rptr.2d 506], review den. Jan. 29, 1998; *People v. Ervin* (1996) 50 Cal.App.4th 259 [57 Cal.Rptr.2d 728].) When the People prove a single circumstance listed under section 667.61, subdivision (d) or at least 2 of the

circumstances listed under subdivision (e), the term is 25 years to life; when only a single circumstance under subdivision (e) is proved, the term is 15 years to life. (§ 667.61, subds. (a) & (b).)

Most of the circumstances listed under subdivisions (d) and (e) relate to the manner in which the present offense is committed. (See, e.g., § 667.61, subds. (d)(2) & (e)(1) ["defendant kidnapped the victim of the present offense"]; subds. (d)(4) & (e)(2) ["defendant committed the present offense during the commission of a burglary"]; subd. (e)(4) ["defendant personally used a dangerous or deadly weapon or firearm in the commission of the present offense"].) The specific references to the "present offense" in these subdivisions demonstrate that the Legislature intended these offense-related circumstances to attach to individual counts. A life sentence thus may be imposed for each current count to which an offense-related circumstance attaches, subject to the rules for consecutive sentencing set forth in section 667.61, subdivision (g).

One of the circumstances listed in the One Strike law relates not to the method of committing the present offense, but to the defendant's status as a recidivist. Section 667.61, subdivision (d)(1) requires a life term when "[t]he defendant has been previously convicted of an offense specified in subdivision (c) . . . ." This provision resembles other alternative sentencing schemes which allow an elevated term on each current count upon a true finding that the defendant suffered a prior conviction. (See, e.g., §§ 667, subds. (b)-(i), 667.51, subd. (d), 667.7; *People* v. *Jenkins* (1995) 10 Cal.4th 234, 254-256 [40 Cal.Rptr.2d 903, 893 P.2d 1224]; *People* v. *Hendrix* (1997) 16 Cal.4th 508, 511 [66 Cal.Rptr.2d 431, 941 P.2d 64]; *People* v. *Ayon* (1996) 46 Cal.App.4th 385, 392 [53 Cal.Rptr.2d 853].) By analogy to such other alternative sentencing schemes, we assume a true finding under section 667.61, subdivision (d)(1) could be used to impose life sentences for multiple current offenses, subject again to the rules for consecutive sentencing contained in subdivision (g) of that section.

The remaining circumstance triggering the One Strike sentencing provisions—and the one at issue in this case—relates neither to the manner of committing the crime nor the defendant's prior convictions. Subdivision (e)(5) of section 667.61 requires a life term when "The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim." On its face, subdivision (e)(5) applies to any conviction of a qualifying sexual offense when the defendant stands currently convicted of at least one other such offense against a

different victim. It does not include any language which specifically provides that unlike all the other enumerated circumstances in the One Strike law, it may be used only once in a particular case.[2]

Against this backdrop, we turn to appellant's arguments.

## B. *Section 667.61, subdivision (e)(5)*

Appellant makes numerous arguments as to why section 667.61, subdivision (e)(5) permits only one life sentence per case based on a finding of multiple victims. His interpretation is not supported by the plain language of that subdivision, and we are not persuaded to engraft the limitation he seeks onto the words of the Legislature.

Appellant contends that section 667.61, subdivision (e)(5)'s reference to a conviction for a crime against another victim in "the present case or cases" demonstrates a legislative intent to apply that circumstance only once, regardless of the total number of victims or cases. He is incorrect. This language merely clarifies that the conviction for a crime against another victim may arise from another pending case. For example, if two separate cases involving different victims were consolidated for trial, the prosecution could seek a timely amendment of the charging document to include a multiple victim allegation under subdivision (e)(5). (See § 667.61, subd. (i) [one strike allegations must be pled and proved].)

Appellant argues it would be unreasonable to allow the multiple victim circumstance to be used more than once per case because section 667.61, subdivision (e)(5) would then require at least two life terms whenever there were multiple victims. We disagree that this result is contrary to the purpose of the One Strike law. Offenders who strike against multiple victims are among the most dangerous, and the Legislature could reasonably conclude that when a defendant commits sexual offenses against more than one person, he should be subjected to at least one indeterminate term for each separate victim.

Appellant also claims the Legislature could not have intended section 667.61, subdivision (e)(5) to be used more than once in a case because that subdivision does not increase the punishment on a single count when there is more than one additional victim. While the punishment on one count under subdivision (e)(5) does not increase with the number of other victims, this in

---

[2]In this case the trial court made only two findings under section 667.61, subdivision (e)(5), one for each of the victims. We are not called upon to consider whether the subdivision (e)(5) circumstance could attach to more than one count involving the same victim. Our discussion here is limited to whether it is proper to impose one life term per victim under subdivision (e)(5).

no way suggests an intent to limit the multiple victim circumstance to one life term per case. It is just as likely that subdivision (e)(5) fails to provide for an increased sentence for each additional victim for the very reason that the multiple victim circumstance can be alleged as to more than one count.

## C. *Section 667.61, subdivision (g)*

Turning to another provision of the One Strike law, appellant argues that the following language in section 667.61, subdivision (g) prohibited consecutive life sentences in this case: "The term specified in subdivision (a) or (b) shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion. If there are multiple victims during a single occasion, the term specified in subdivision (a) or (b) shall be imposed on the defendant once for each separate victim. . . ." Appellant claims that even if the multiple victim circumstance under subdivision (e)(5) may be alleged as to more than one count, subdivision (g) allows the imposition of only one life term when, as here, the crimes against two victims were committed on different occasions. This argument has been aptly rejected as an "implausible reading of the statute." (*People* v. *Jones, supra*, 58 Cal.App.4th at p. 719.)

Underlying appellant's argument is the assumption that section 667.61, subdivision (g) is silent as to the treatment of counts involving different victims on different occasions. It is not. By providing that a life term "shall be imposed . . . once for any offense or offenses committed against a single victim during a single occasion," subdivision (g) requires one separate life term—but only one—for each victim on each occasion. "Subdivision (g) *carves out* the commission of multiple offenses against a single victim on a single occasion, and, in that situation *only*, it limits the trial court to imposing a single indeterminate term." (*People* v. *Jones, supra*, 58 Cal.App.4th at p. 719.)

Appellant nonetheless reasons that by providing for a life sentence when the defendant is convicted of qualifying crimes against two separate victims, section 667.61, subdivision (e)(5) establishes a general rule against "accumulating" life sentences; subdivision (g) then carves out an exception to this rule when the counts against two victims occur on the same occasion. This attempt to blend the provisions of subdivisions (e)(5) and (g) mixes apples with oranges. Subdivision (e)(5) governs the calculation of the life term on a particular count. Subdivision (g) applies to all multiple count sentences under the One Strike law, and not merely those based on subdivision (e)(5). Each provision describes a different aspect of one strike sentencing. (Accord, *People* v. *Jones, supra*, 58 Cal.App.4th at p. 719.)

D. *Section 654 and the Federal Double Jeopardy Clause*

Appellant alternatively argues that by twice using the multiple victim circumstance to impose two life terms for crimes against the same two victims, the court has inflicted multiple punishment for the same acts in violation of section 654.[3] Again we disagree.

Section 654 prohibits punishment under different code provisions for a single "act or omission." A penalty provision which relates solely to a defendant's status as a repeat offender does not punish an "act or omission" and is not subject to section 654. (See *People* v. *Coronado* (1995) 12 Cal.4th 145, 157 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633]; *People* v. *Warinner* (1988) 200 Cal.App.3d 1352, 1355 [247 Cal.Rptr. 197].)

Appellant argues the multiple victim circumstance is not a "status" related penalty provision because it is triggered by a current rather than a prior conviction. We disagree. Like other habitual offender provisions, section 667.61, subdivision (e)(5) " 'merely specifies the applicable sentence upon the present conviction for one with a certain criminal history. It is the current offense which calls for the penalty, the magnitude of which is attributable to appellant's status as a repeat offender.' " (*People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 465-466 [280 Cal.Rptr. 175]; see also *People* v. *Decker* (1988) 199 Cal.App.3d 694, 698-699 [245 Cal.Rptr. 40].) That the conviction used to invoke punishment under subdivision (e)(5) occurred in the present case rather than in a prior proceeding does not warrant a different application of section 654.

Appellant additionally argues the sentence in this case runs afoul of the state and federal double jeopardy clauses. He acknowledges that in the "multi-punishment" context, double jeopardy precludes a court from imposing cumulative sentences for the same conduct only when the Legislature fails to specifically authorize such punishment. (See *Jones* v. *Thomas* (1989) 491 U.S. 376, 381 [109 S.Ct. 2522, 2525-2526, 105 L.Ed.2d 322, 331].) The Legislature has authorized the punishment imposed in appellant's case, so double jeopardy concerns are not implicated. We also reject appellant's claim that section 667.61 must be construed to prohibit multiple life sentences in light of the rule that ambiguities in a criminal statute must be resolved in favor of the accused. (See, e.g., *People* v. *Phelps* (1996) 41 Cal.App.4th 946, 951 [48 Cal.Rptr.2d 855].) Because section 667.61 is not ambiguous as to appellant's sentence, this rule of lenity does not apply.

---

[3]At the time of sentencing, section 654 provided, "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ."

## E. *Analogy to the Multiple-murder Special Circumstance*

Appellant likens section 667.61, subdivision (e)(5) to the "multiple murder" special circumstance under section 190.2, subdivision (a)(3), which requires a sentence of life without parole or the death penalty when, "The defendant, in this proceeding, has been convicted of more than one offense of murder in the first or second degree." This special circumstance, which does resemble the multiple victim circumstance under the one strike law, may only be alleged once per case, rather than as to every individual murder count. (See *People* v. *Champion* (1995) 9 Cal.4th 879, 935-936 [39 Cal.Rptr.2d 547, 891 P.2d 93].) But while superficially appealing, the analogy to section 190.2 is ultimately inapt.

The limitation on the number of multiple murder allegations in a death penalty case is necessary to protect the defendant's right to a fair trial. If the jury returned true findings on more than one multiple murder circumstance in a single case, it would inflate the risk they would vote for death during the penalty phase based on the sheer number of special circumstances. (*People* v. *Allen* (1986) 42 Cal.3d 1222, 1273 [232 Cal.Rptr. 849, 729 P.2d 115], citing *People* v. *Harris* (1984) 36 Cal.3d 36, 67 [201 Cal.Rptr. 782, 679 P.2d 433], disapproved on other grounds in *People* v. *Melton* (1988) 44 Cal.3d 713, 765 [244 Cal.Rptr. 867, 750 P.2d 741].) Because only one multiple murder circumstance is required to render the defendant eligible for the death penalty, this risk of prejudice is not offset by any competing interest in obtaining true findings on each particular count.

By contrast, the defendant's total sentence under the One Strike law is directly affected by the number of multiple victim circumstances which apply. The court, rather than the jury, sentences the defendant under the One Strike law, so there is no danger of undue prejudice as a result of multiple findings under subdivision (e)(5). Due process does not require the same restrictions on the multiple victim circumstance under section 667.61, subdivision (e)(5) as have been placed on the multiple murder circumstance under section 190.2.

Finally, while the multiple murder circumstance can be *alleged* only once per case, it may be used to impose multiple sentences of life without parole and even death on the various murder counts in a single proceeding. (See *People* v. *Bonin* (1988) 46 Cal.3d 659, 668, 691, 710 [250 Cal.Rptr. 687, 758 P.2d 1217]; *People* v. *Garnica* (1994) 29 Cal.App.4th 1558, 1562-1564 [35 Cal.Rptr.2d 229].) "The multiple-murder special circumstance is a legislative choice to treat as deserving of the most severe punishment a murderer convicted of *more than one* murder. In any one proceeding in which such a

finding is made, the fact that a murder is one of multiple murders . . . is deemed the more heinous because it is one of *multiple* killings." (*Garnica, supra*, 29 Cal.App.4th at p. 1563.) Similarly, the Legislature could reasonably determine that a particular sexual offense is more heinous because it is one of multiple acts against more than one victim.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied April 23, 1998, and appellant's petition for review by the Supreme Court was denied July 8, 1998.