Filed 12/17/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BEDAVID ZALDANA,<br><br>    Defendant and Appellant. | B295959<br><br>(Los Angeles County<br>Super. Ct. No. BA468653) |

    APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark S. Arnold, Judge.  Affirmed and remanded.

    Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

    Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Following his conviction for six counts involving the molestation of his two daughters when they were both under the age of 14, defendant Bedavid Zaldana was sentenced to 75 years to life, consisting of five consecutive terms of 15 years to life and one 15-year-to-life term stayed. Five of the six counts fell within the "One Strike" law, Penal Code section 667.61,[1] because the jury found the additional aggravating circumstance that more than one victim was involved in each offense. (§ 667.61, subd. (e)(4).) On appeal, Zaldana argues this "multiple victim" finding can only justify two terms of 15 years to life, one for each victim. We reject his contention, joining the line of cases that have found the same argument lacked merit.

We conclude, however, Zaldana's sentence was unauthorized under section 667.61. Subdivision (j)(2) mandates an indeterminate sentence of 25 years to life for an offense falling within the One Strike law when the victim is under the age of 14. The five One Strike counts against Zaldana fell within this provision, so the trial court was required to impose five terms of 25 years to life. We find Zaldana had constitutionally sufficient notice of this possible longer sentence from the information. Because the court had discretion to run three of those 25-year-to-life terms concurrently or consecutively, we remand for resentencing.

## BACKGROUND

The two victims in this case were Zaldana's daughters, Su.Z. and Sa.Z. Zaldana abused his younger daughter Sa.Z. once when she was eight years old. They were watching T.V. when

---

[1] All statutory citations refer to the Penal Code.

Zaldana touched her vagina beneath her dress and inserted one finger.

He abused his older daughter Su.Z. multiple times when she was ages nine through 11. The first time it happened, they were watching T.V. when he rubbed her inner thigh. He touched her in a similar way more than 20 times, every time she visited him. He also touched her breast and rubbed her vagina over and under her clothing. Once, while she was sleeping, he put a hand over her mouth, touched her breast, and inserted his penis into her vagina approximately three inches. On another occasion, Su.Z. was changing clothes and Zaldana touched her bare breast. The last incident occurred when Su.Z. was 12. Zaldana closed her in a room and blocked the door with a shelf. When she tried to open a window, he pinned her to a wall and touched her breast. She kicked him and ran away.

The girls disclosed the abuse to their mother and brother about three months after this last incident. Zaldana was arrested and charged with six counts: oral copulation or sexual penetration of Sa.Z. (§ 288.7, subd. (b), count 1); lewd act on Sa.Z. (§ 288, subd. (a), count 2); forcible lewd act on Su.Z. (§ 288, subd. (b)(1), counts 3 & 6); and lewd act on Su.Z. (§ 288, subd. (a), counts 4 & 5). For counts 2 through 6, the information alleged, "within the meaning of Penal Code section 667.61(b) and (e)(4)," Zaldana "committed an offense specified in Section 667.61(c) against more than one victim."

Following trial, a jury found Zaldana guilty of all counts and found the multiple victim allegation true as to the five counts for violations of section 288, subdivisions (a) and (b). The court sentenced him to 75 years to life, consisting of 15 years to life for the violation of section 288.7 in count 1, 15 years to life for the

3

violation of section 288, subdivision (b)(1) involving Sa.Z. in count 2 stayed pursuant to section 654, and four consecutive terms of 15 years to life for the violations of section 288, subdivisions (a) and (b) involving Su.Z. in counts 3 through 6.  At sentencing, the trial court stated Zaldana "never deserves to be out in public again" and "wish[ed]" his sentence "could be longer."

## DISCUSSION

I.      **Five "One Strike" Terms Were Permitted Based on the Multiple Victim Aggravating Circumstance**

The One Strike law creates an alternative, harsher sentencing scheme of either 15 or 25 years to life for certain enumerated sex offenses accompanied by additional specified factual findings.  (§ 667.61; see *People v. Mancebo* (2002) 27 Cal.4th 735, 738 (*Mancebo*).)  Lewd conduct and forcible lewd conduct on a child under the age of 14 in violation of section 288, subdivisions (a) and (b) are included in the list of qualifying One Strike crimes.  (§ 667.61, subd. (c)(4), (8).)  Subdivision (e)(4) contains a multiple victim aggravating circumstance: "The defendant has been convicted in the present case of committing an offense specified in subdivision (c) against more than one victim."  (§ 667.61, subd. (e)(4).)

Zaldana contends the court was prohibited under the multiple victim aggravating circumstance from imposing more than two One Strike terms, one for each victim.  He was charged with only one count against Sa.Z. that qualified under the One Strike law,[2] and the trial court imposed only a single One Strike

---

[2]      Count 1 for violating section 288.7 is not one of the crimes qualifying as a One Strike offense in section 667.61, subdivision (c).

4

term for that victim.  Restated more precisely, Zaldana's chief complaint is that the multiple victim circumstance cannot be used to impose four One Strike terms for the offenses against Su.Z. on four separate occasions.  His contention fails.

"Every court that has ever considered this issue has rejected defendant's contention that section 667.61 does not permit multiple life terms to be imposed based on the multiple-victims circumstance." (*People v. Morales* (2018) 29 Cal.App.5th 471, 483 (*Morales*); see *People v. Andrade* (2015) 238 Cal.App.4th 1274, 1305–1306 (*Andrade*); *People v. Valdez* (2011) 193 Cal.App.4th 1515, 1521–1524 (*Valdez*); *People v. Murphy* (1998) 65 Cal.App.4th 35, 40–41; *People v. DeSimone* (1998) 62 Cal.App.4th 693, 697–698.)  In *Valdez*, for example, the court rejected this precise argument because it "contradicts the statute's legislative intent as determined by the usual and ordinary meaning of the words of the enactment." (*Valdez, supra,* at p. 1522; see *Andrade, supra,* at pp. 1307–1308 ["The plain language of the One Strike law simply does not support a limitation of single life term per victim."]; see also *People v. Wutzke* (2002) 28 Cal.4th 923, 931 [noting One Strike law "contemplates a separate life term for each victim attacked on each separate occasion"].)

We need not repeat the thorough analysis set forth in these cases, except to say we agree with their reasoning.  Zaldana was convicted of molesting Sa.Z. on one occasion and Su.Z. on four separate occasions.  The multiple victim circumstance permitted the trial court to impose five One Strike terms for those acts.

## II. The Trial Court Imposed an Unauthorized Sentence Because the One Strike Law Required Five Terms of 25 Years to Life

Section 667.61, subdivision (b) mandates a 15-year-to-life term for a qualifying offense "*[e]xcept* as provided in subdivision (a), (j), (l), or (m)." (Italics added.) One of those identified exceptions—subdivision (j)—requires the longer term of 25 years to life when the same requirements are met from subdivision (b) but the victim is a child under the age of 14. (§ 667.61, subd. (j)(2) ["Any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life."].)

The trial court sentenced Zaldana to five 15-year-to-life terms even though he qualified for five 25-year-to-life terms as set forth in section 667.61, subdivision (j)(2): his five offenses under section 288, subdivisions (a) and (b) were qualifying sex offenses enumerated in section 667.61, subdivisions (c)(4) and (8); the jury found true the multiple victim circumstance in section 667.61, subdivision (e)(4) for each offense; and the jury found Sa.Z. and Su.Z. were both under the age of 14 when Zaldana molested them.[3] Neither the parties nor the trial court identified

---

[3]  Section 288 required the prosecution to prove the victims were under the age of 14: "(a)  Except as provided in subdivision (i), a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust,

the possibility of sentencing Zaldana to five 25-year-to-life terms under subdivision (j)(2), so we requested supplemental briefing on the issue.

We conclude the imposition of the longer 25-year-to-life terms pursuant to subdivision (j)(2) was mandatory. Subdivision (f) states, "If only the minimum number of circumstances specified in subdivision (d) or (e) that are required for the punishment provided in subdivision (a), (b), (j), (l), or (m) to apply have been pled and proved, that circumstance or those circumstances *shall* be used as the basis for imposing the term provided in subdivision (a), (b), (j), (l), or (m) *whichever is greater . . . .*" (§ 667.61, subd. (f), italics added.) Zaldana's lesser sentence of five terms of 15 years to life was therefore unauthorized. (*In re Vaquera* (2019) 39 Cal.App.5th 233, 245, review granted November 26, 2019, S258376 (*Vaquera*) ["Because the Legislature used the word 'shall,' and because the prosecution properly pleaded and proved multiple victim allegations for qualifying sex offenses in which the victims were under 14 years of age, the trial court was *required* to impose a 25-year-to-life sentence under section 667.61, the One Strike law."]; *Morales, supra,* 29 Cal.App.5th at p. 485 [accepting defendant's concession that trial court erred in imposed 15-year-to-life terms when 25-

_____

passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years. [¶] (b)(1) A person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, is guilty of a felony and shall be punished by imprisonment in the state prison for 5, 8, or 10 years." (§ 288, subds. (a), (b)(1).)

year-to-life terms were required].) Because he was given an unauthorized sentence, we must correct it, even though the corrected sentence could result in a longer term. (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432 (*Vizcarra*) ["[A]n unauthorized sentence is subject to correction by an appellate court 'whenever the error comes to the attention of the court, even if the correction creates the possibility of a more severe punishment.' "].)

We also asked the parties to brief whether Zaldana had constitutionally adequate notice that he could be subject to the longer sentence in section 667.61, subdivision (j)(2). In the information, the People cited section 667.61, subdivisions (b) and (e) but did not specifically plead section 667.61, subdivision (j)(2). Courts are split on whether this complies with due process notice requirements. (Compare *Vaquera, supra,* 39 Cal.App.5th at pp. 240–241 [sufficient notice] with *People v. Jimenez* (2019) 35 Cal.App.5th 373, 395–397 (*Jimenez*) [insufficient notice].) We agree with *Vaquera*'s detailed analysis finding this provided adequate notice and reject *Jimenez*'s cursory reasoning supporting the opposite conclusion.

"California law provides that: 'In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified.' (§ 952.) The accusatory pleading does not have to state the number of the statute, it may be 'in any words sufficient to give the accused noticed of the offense of which he is accused.' [Citations.] Similarly, the number of an enhancement statute does not have to be alleged, so long as the accusatory pleading apprises the defendant of the potential for the enhanced penalty and alleges every fact and

8

circumstance necessary to establish its applicability." (*Vaquera, supra,* 39 Cal.App.5th at p. 239.)

 *Vaquera* arose from a factual circumstance nearly identical to this case. The defendant had been convicted of two counts of violating section 288, subdivision (a) against two victims, both alleged in the information to have been under the age of 14. In alleging the multiple victim circumstance in section 667.61, subdivision (e)(4), the information referred to subdivision (b) of the statute, but not subdivision (j)(2) providing for a 25-year-to-life sentence. (*Vaquera, supra,* 39 Cal.App.5th at p. 235.) The court found this provided adequate notice to the defendant that he could be subject to the longer sentence in subdivision (j)(2). Not only was the requisite fact that the victims were under the age of 14 expressly pled, but subdivision (b) itself stated the 15-year-to-life term applied "[*e*]*xcept* as provided in subdivision . . . (j)" (italics added), i.e., when the 25-years-to-life term applied because the victims were under the age of 14. (*Vaquera, supra,* at p. 245.)

 *Vaquera* distinguished *Mancebo*, which addressed a different notice question under section 667.61. In *Mancebo*, the People had filed an information alleging 10 sex crimes involving two victims, as well as three aggravating circumstances pursuant to section 667.61 for kidnapping, gun use, and "tying or binding" the victim. The information did not plead the multiple victim circumstance or cite its numerical subdivision. (*Mancebo, supra,* 27 Cal.4th at p. 740.) Despite this, the trial court substituted the multiple victim circumstance for two gun use allegations and imposed two consecutive 25-year-to-life terms. (*Ibid.*) The court held this violated the pleading requirements contained within section 667.61 itself: "The provisions of the One Strike law,

taken as a whole, require that subdivision (e) qualifying circumstances be 'pled and proved' [citation], and as elsewhere provided, 'be alleged in the accusatory pleading and either admitted by the defendant in open court or found true by the trier of fact.' " (*Mancebo, supra,* at p. 751.)

Unlike in *Mancebo*, the information in *Vaquera* "properly alleged the two multiple victim aggravating circumstances under their numerical subdivision, section 667.61, subdivision (e). . . . Therefore, the information complied with the pleading requirements listed under section 667.61, as interpreted by the California Supreme Court in *Mancebo* [citation]. And further, because the jury found Vaquera guilty of count two, and the jury found the corresponding multiple victim aggravating circumstance as pleaded in the information to be true, the trial court properly imposed the required 25-year-to-life sentence." (*Vaquera, supra,* 39 Cal.App.5th at p. 243.)

*Vaquera* disagreed with *Jimenez*, which relied on *Mancebo* to find insufficient notice under the same basic facts. In *Jimenez*, the defendant had been charged with 19 counts of sex crimes involving three child victims. For 13 counts, the information alleged the multiple victim circumstance, citing section 667.61, subdivisions (b) and (e). The trial court sentenced him to consecutive 25-year-to-life terms pursuant to section 667.61, subdivision (j)(2). (*Jimenez, supra,* 35 Cal.App.5th at pp. 377–378.) In a brief analysis, the court of appeal found the information provided insufficient notice of the longer One Strike terms: "Here, the information only informed Jimenez he could be sentenced to terms of 15 years to life under Penal Code section 667.61, subdivisions (b) and (e) for committing the alleged offenses against multiple victims. The information did not put

10

him on notice that he could be sentenced to terms of 25 years to life under section 667.61(j)(2) for committing those offenses upon multiple victims, *at least one of whom was under 14 years of age.* Under these circumstances, imposition of sentence under section 667.61(j)(2) violated Jimenez's constitutional right to due process." (*Jimenez, supra,* at p. 397, fn. omitted.)

As in both *Jimenez* and *Vaquera*, the information here alleged, "within the meaning of Penal Code section 667.61(b) and (e)(4), as to defendant, BEDAVID ZALDANA, as to count(s) 2, 3, 4, 5, and 6 that the following circumstances apply:  The defendant in the present case committed an offense specified in Section 667.61(c) against more than one victim."  For each count, the jury found the multiple victim circumstance true.  In finding this provided inadequate notice of the longer prison term in subdivision (j)(2), *Jimenez* overlooked a critical fact:  subdivision (b) itself refers to subdivision (j), identifying it as an *exception* to the shorter 15-year-to-life term.  We agree with *Vaquera* that was key to adequate notice—it specifically directed Zaldana to subdivision (j)(2) and its longer prison term.  Because the information alleged both his daughters were under the age of 14 when he molested them, there was no doubt he was on notice that he could be subject to subdivision (j)(2).  We follow *Vaquera* and conclude the information provided Zaldana adequate notice of the longer possible prison term in subdivision (j)(2).

Zaldana's contrary arguments are unpersuasive.  He points to a passage in *Mancebo* quoted in *Jimenez* that adequate notice of possible penalties is critical because " '[i]n many instances a defendant's decision whether to plea bargain or go to trial will turn on the extent of his exposure to a lengthy prison term.' " (*Jimenez, supra,* 35 Cal.App.5th at p. 397, quoting *Mancebo,*

11

*supra,* 27 Cal.4th at p. 752.) That is certainly true. But as we have explained, the allegations in the information adequately informed Zaldana of the maximum possible penalty for his offenses under the One Strike law, so he could have considered it in the plea-bargain process.

Zaldana also contends the prosecution must have exercised charging discretion in citing section 667.61, subdivision (b) rather than subdivision (j)(2). His argument goes: violations of section 288, subdivisions (a) and (b) require proof the victim was under the age of 14, and section 667.61, subdivision (j)(2) applies when the victim in the crimes listed in subdivision (c) is under the age of 14. Both provisions apply to Zaldana's crimes, so the prosecutor must have consciously selected to charge the shorter term by citing section 661.67, subdivision (b) instead of subdivision (j)(2).

*Vaquera* rejected a similar argument, labeling it "fundamentally mistaken. Section 667.61, subdivision (b), *requires* a sentence of 15 years to life '*[e]xcept as provided* in subdivision . . . (j) . . . .' (Italics added.) And section 667.61, subdivision (j)(2), *requires* that any person coming under its provisions '*shall be punished* by imprisonment in the state prison for 25 years to life.' (Italics added.) Because the Legislature used the word 'shall,' and because the prosecution properly pleaded and proved multiple victim allegations for qualifying sex offenses in which the victims were under 14 years of age, the trial court was *required* to impose a 25-year-to-life sentence under section 667.61, the One Strike law." (*Vaquera, supra,* 39 Cal.App.5th at p. 245; see § 661.67, subd. (f).)

12

### III. We Will Remand for Resentencing

While we have authority to correct Zaldana's sentence (*Vizcarra, supra,* 236 Cal.App.4th at p. 432), the better course in this case is to remand for resentencing.  On remand, the trial court is required to impose five 25-year-to-life terms, but it retains discretion to run three of those terms concurrently or consecutively.  Section 667.61, subdivision (i) provides:  "For any offense specified in paragraphs (1) to (7), inclusive, of subdivision (c), or in paragraphs (1) to (6), inclusive, of subdivision (n), the court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of section 667.6."  Section 288, subdivision (b) falls within this subdivision—it is listed in section 667.61, subdivision (c)(4)—so the two 25-year-to-life terms for violating section 288, subdivision (b) on separate occasions must run consecutively.  But section 288, subdivision (a) does *not* fall within this subdivision—it is listed in section 667.61, subdivision (c)(8)—so the court retains discretion to impose concurrent *or* consecutive 25-year-to-life terms for the three violations of section 288, subdivision (a).  (See *Valdez, supra,* 193 Cal.App.4th at p. 1524.)

Although the trial court stated at sentencing Zaldana "never deserves to be out in public again" and it "wish[ed]" his sentence "could be longer," we cannot be sure *how* much longer.  Remand is therefore appropriate.  Except for the components of Zaldana's sentence that are legally required, nothing in this opinion should be interpreted to indicate how the trial court should exercise this discretion at resentencing.

## DISPOSITION

The matter is remanded for resentencing consistent with this opinion.  In all other respects, the judgment is affirmed.

**CERTIFIED FOR PUBLICATION**


BIGELOW, P. J.

We concur:


STRATTON, J.


WILEY, J.

14