Filed 10/18/22  P. v. Vasquez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B314884 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA466344) |
| v. | |
| MARIO DAVID VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed and remanded with directions.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

―――――――――――――

Mario David Vasquez appeals from a judgment that sentences him to 55 years to life for the sexual abuse of two prepubescent sisters. He argues instructional, constitutional, and sentencing errors. We correct a portion of his sentence that is unauthorized but otherwise affirm the judgment.

## *FACTS*

The two sisters (born in 2002 and 2007) were removed from their parents' custody at a very young age by the Department of Children and Family Services. They were placed with their paternal grandmother. Defendant Vasquez, who was married to the grandmother but was not biologically related to the sisters, was their step-grandfather. The sisters lived with their grandmother and Vasquez in a one-bedroom apartment in Los Angeles. They all slept in the single bedroom with the sisters in a bunk bed (later, a queen-sized bed), and Vasquez and their grandmother in their own bed. At some point, the sisters' uncle and his family began living in the same apartment; the four of them slept in the living room. The sisters' grandmother died in 2016, when the girls were 13 and 9 years old. Vasquez became their legal guardian.

In 2018, the sisters separately reported to their social workers that Vasquez had sexually abused them. Vasquez was charged with seven counts of committing lewd or lascivious acts upon a child under the age of 14 (counts 1 to 3 and 12 to 15; Pen. Code, § 288, subd. (a)) and eight counts of sexual intercourse or sodomy of a child 10 years of age or younger (counts 4 to 11; Pen.

Code, § 288.7, subd. (a)).[1]  Counts 1 to 12 related to older sister and corresponded to events occurring between 2007 and 2014. Counts 13 to 15 related to younger sister and events occurring between 2012 and 2017.  As to the counts of lewd or lascivious acts, the information alleged that Vasquez committed the crimes upon more than one victim (§ 667.61, subd. (e)(4)), and that he engaged in substantial sexual conduct with the victims, who were under 14 years of age (§ 1203.066, subd. (a)(8)).[2]

---

[1]  All further undesignated statutory references are to the Penal Code.

[2]  Section 667.61, known as the "One Strike Law," provides for enhanced indeterminate terms of either 15 or 25 years to life when a jury has convicted the defendant of one or more enumerated felony sex offenses (§ 667.61, subds. (a) & (b)) and found certain factual allegations to be true (§ 667.61, subd. (e)). The statute is considered an alternative sentencing scheme, not an enhancement.  (*People v. Jones* (1997) 58 Cal.App.4th 693, 708–709.)  Pertinent to this case, the One Strike Law applied to increase Vasquez's sentence to 15 years to life for each lewd act count under section 288, subdivision (a) because the jury found true that multiple victims were involved.

Section 1203.066 provides, in pertinent part, that a trial court may not grant probation, suspend the execution or imposition of sentence, or utilize section 1385 to strike any finding that brings the defendant within section 1203.066's provisions where the defendant is convicted of committing a lewd or lascivious act in violation of section 288 and has substantial sexual conduct with a victim who is under 14 years of age. (§ 1203.066, subd. (a)(8).)

3

## 1.    Counts 1–12:  Abuse of older sister

Older sister testified Vasquez sexually abused her from the time she was five or six years old until she began to menstruate at 11 or 12 years old.  Vasquez initially touched her breasts, vagina, and buttocks both under and over her clothing.  She asked him to stop and told him she did not like it, but he persisted and told her they were just playing.  He also made her touch his penis and stroke it with her hand.

He inserted his penis into her vagina on more than one occasion, beginning when she was six years old.  She could not recall specifically when or how many times this occurred because she did not want to remember these encounters.  Older sister recalled feeling pain when she used the restroom after the first time Vasquez penetrated her.  There was blood on the tissue she used to clean herself.  The abuse occurred mostly when they were in the bedroom or in the car.

During her testimony at trial, older sister recounted an incident when she was 10 years old.  Vasquez had driven their grandmother to a casino.  The sisters and Vasquez waited outside in the car for their grandmother.  Vasquez forced older sister to orally copulate him.  This disclosure at trial came as a surprise to the prosecutor, defense counsel and the court.  At the preliminary hearing and in previous interviews, older sister had accused Vasquez of forcing her to engage in sexual intercourse outside the casino, not oral copulation.  As a result, the prosecutor amended count 11 to charge oral copulation of a child 10 years of age or younger in violation of subdivision (b) of section 288.7, rather than sexual intercourse with a child under subdivision (a) of that section.

Older sister did not report any of the abuse because Vasquez warned her that she would be placed in foster care, and she feared no one would believe her. She revealed the abuse only after she learned from a social worker that younger sister had reported abuse by Vasquez. Older sister described the abuse to a female police officer and in a forensic interview at Stuart House, a rape treatment center. Portions of her Stuart House interview were played to the jury.

### 2.     Counts 13–15:  Abuse of Younger Sister

Younger sister also testified to sexual abuse by Vasquez beginning when she was five years old until she was 10 years old in 2017. She recalled coming home from school one day when she was five. Her grandmother and older sister were chatting outside the apartment building. Younger sister hugged Vasquez, who was home alone watching television. Vasquez lifted up her skirt, pulled down her underwear, and penetrated her in either the anus or the vagina as she lay on her stomach watching television in bed. She froze and Vasquez stopped after a while. This happened only once.

Vasquez otherwise touched younger sister's vagina when he thought she was asleep. He typically stopped when she began to move or wake up. Younger sister testified the touching occurred between 20 to 30 times a year. It became more frequent after the sisters' grandmother died. Like her older sister, younger sister kept the abuse secret out of fear that she would be removed from the family. She finally revealed the abuse to a social worker because she felt overwhelmed. She also worried that Vasquez may have abused older sister. Younger sister's statements to the police and at Stuart House were played to the jury.

### 3.    *Vasquez's Admissions*

After his arrest, Vasquez agreed to waive his rights under *Miranda v. Ariz.* (1966) 384 U.S. 436 and talked to police. His interview, recorded and translated from Spanish to English, was played to the jury. Vasquez initially denied any wrongdoing. After the detective used a ruse—telling Vasquez there was DNA evidence implicating him—Vasquez made several admissions about his contact with older sister.

Vasquez explained older sister would give him massages because his back hurt. She would sit on top of him, sometimes while he lay on his back and other times when he lay on his stomach. He then admitted that his penis was inside of her vagina twice while she was sitting on top of his stomach and giving him a massage when she was 11 or 12 years old. He said that each time he asked her to go away and ejaculated into a blanket or towel. He asserted he was only a passive participant. He admitted older sister once kissed his penis over his clothes. He denied she orally copulated him. He also admitted kissing her vagina once after she bathed when she was 11 or 12.

### 4.    *The Conviction and Sentence*

At the July 2021 jury trial, the prosecution presented evidence as we have described. The jury found Vasquez guilty on all counts. As to all but one of the lewd or lascivious act charges (counts 1 to 3 and 12 to 14), the jury found true that Vasquez committed the crimes upon more than one victim (§ 667.61, subd. (e)(4)) and engaged in substantial sexual conduct with the victims (§ 1203.066, subd. (a)(8)). As to the remaining lewd or lascivious charge, count 15, the jury found not true the section 667.61 allegation that Vasquez committed the crime against more

than one victim but found true the section 1203.065 substantial sexual conduct allegation.

The court sentenced Vasquez to 55 years to life in state prison, comprised of a 25-years-to-life term for the section 288.7, subdivision (a) sexual intercourse with older sister conviction in count 9, a consecutive 15-years-to-life term under the One Strike Law for the section 288, subdivision (a) lewd act with older sister conviction in count 1, and a consecutive 15-years-to-life term under the One Strike Law for the section 288, subdivision (a) lewd act with younger sister conviction in count 13. Punishment for the remaining convictions was ordered to run concurrently: 15 years to life under the One Strike Law for counts 2, 3, 12, and 14 and 25 years to life for counts 4 to 8 and 10 to 11. Because the jury found the One Strike multiple-victim allegation not true, the court imposed the low term of three years in count 15 to run concurrently.

Vasquez timely appealed.

## DISCUSSION

Vasquez contends on appeal: (1) the judgment against him must be reversed because his due process rights were violated when the trial court instructed the jury on CALCRIM No. 1191B; (2) count 11 should be reversed and dismissed because he was not provided notice at the preliminary hearing that the incident at the casino involved oral copulation rather than sexual intercourse; (3) if the conviction on count 11 is not reversed, the 25-years-to-life sentence imposed on that count is unauthorized; (4) the indeterminate terms imposed under the One Strike Law for more than two convictions, one for each victim, constitute unauthorized sentences; and (5) multiple One Strike punishment violates the prohibitions against double jeopardy and cruel and

7

unusual punishment. Aside from the unauthorized sentence for count 11, Vasquez's arguments lack merit

### 1. *CALCRIM No. 1191B*

We do not accept Vasquez's first contention that the court's CALCRIM No. 1191B instruction improperly allowed the jury to rely on concurrently charged offenses to find he committed the other charged offenses in this case. Vasquez concedes the Supreme Court has rejected this argument in *People v. Villatoro* (2012) 54 Cal.4th 1152. We are bound by the high court's ruling. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

### 2. *Count 11 – Oral Copulation*

Vasquez next contends his conviction on count 11 (oral copulation with a child 10 years of age or younger) should be reversed because he did not receive fair notice of the charge prior to trial. (The sentence on count 11 was imposed concurrently.) We conclude Vasquez has waived this argument and his trial counsel did not render ineffective assistance of counsel by failing to object when the prosecutor sought to amend the charge. Although we affirm the conviction, we conclude the trial court imposed an unauthorized sentence and we accordingly modify the judgment on count 11.

#### a. *Proceedings Below*

Count 11 initially alleged that between December 3, 2012 and December 2, 2013, Vasquez committed the crime of sexual intercourse with older sister in violation of section 288.7, subdivision (a). Count 11 was based on older sister's preliminary hearing testimony and her statement to the counselor at Stuart House that Vasquez forced her to have intercourse with him in

the parking lot of the casino when she was 10 years old. At trial, older sister unexpectedly revealed Vasquez forced her to orally copulate him in the casino parking lot. When asked why she had never previously disclosed the oral copulation, she responded that she was "embarrassed." She then testified she could not remember if he put his penis in her vagina during that incident.

The next day, the prosecutor moved to amend count 11 to reflect older sister's trial testimony that oral copulation occurred. The trial court stated it was "worried about notice" and was "inclined to deny the request." Defense counsel initially agreed "it was a surprise" and he had no notice about the oral copulation. The parties and the court then discussed that an oral copulation charge under subdivision (b) of section 288.7 carried a lesser sentence than a sexual intercourse charge under subdivision (a). Defense counsel also observed he had a "credibility argument either way," meaning he could urge the jury to disregard older sister's conflicting testimony even if count 11 was amended. After "actually" and "fully" considering the issue, defense counsel stated he would "join with" the prosecutor's request.

### b. *Vasquez Has Waived the Issue*

Relying on case authority and section 1009, Vasquez now asserts he cannot be prosecuted for an offense not shown by the evidence at the preliminary hearing. Vasquez has waived this argument. Not only did he fail to object when the prosecutor sought to amend count 11 (or when older sister testified), he "join[ed]" in the prosecutor's request.

Section 1009 permits amendment of an accusatory pleading with leave of court "at any stage of the proceedings" so long as the amendment does not " 'charge an offense not shown by the

9

evidence taken at the preliminary examination.' " (*People v. Goolsby* (2015) 62 Cal.4th 360, 367.)  Where, as here, a defendant is charged by way of an information, "[t]he case law is consistent in reiterating that a superior court lacks authority to try [the] defendant for a felony . . . offense not previously subjected to a preliminary hearing.  Violation of this limitation on the superior court's power, however, would constitute action in excess of jurisdiction—waivable error—and not nonwaivable subject matter jurisdiction.  [Citations.]"  (*People v. Burnett* (1999) 71 Cal.App.4th 151, 179*; accord People v. Gil* (1992) 3 Cal.App.4th 653, 659*; People v. Newlun* (1991) 227 Cal.App.3d 1590, 1603–1604 [by failing to object or request a continuance to address new evidence, defendant forfeited argument that he had been denied due process because he was convicted of lewd acts based on sodomy when no evidence of sodomy was presented at preliminary hearing].)

Anticipating our holding that he has waived the issue, Vasquez argues his trial counsel provided ineffective assistance when he agreed to the amendment.  To establish ineffective assistance of counsel, a "defendant must show that counsel's representation fell below an objective standard of reasonableness" and that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 686.)  "In order to prevail on a such a claim on direct appeal, the record must affirmatively disclose the lack of a rational tactical purpose for the challenged act or omission."  (*People v. Ray* (1996) 13 Cal.4th 313, 349.)  "[C]ourts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight."  (*People v. Brodit* (1998)

61 Cal.App.4th 1312, 1335.) Vasquez acknowledges that " '[t]actical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts.' " (*People v. Jones* (2003) 29 Cal.4th 1229, 1254.)

The record shows Vasquez's trial counsel had a tactical reason to agree to the amendment: Vasquez's potential maximum sentence was reduced. The oral copulation charge under section 288.7, subdivision (b) carried a sentence of 15 years to life while the sexual intercourse charge under subdivision (a) carried a sentence of 25 years to life. Without the amendment, Vasquez faced a genuine risk of a harsher sentence resulting from a conviction for sexual intercourse with a minor. The prosecution did not offer to dismiss the subdivision (a) count outright, presumably because the jury would have been entitled to believe older sister's prior testimony and statement, particularly when she did not recant them at trial. At trial, she testified only that she could not remember whether he penetrated her, not that it did not occur.

In addition to the lowered sentence exposure, defense counsel retained a primary defense — he could still urge the jury to disregard older sister's entire testimony regarding the incident at the casino because it was inconsistent. On this record, Vasquez has failed to show the lack of a rational tactical purpose for trial counsel's agreement.

c.      *The Sentence Was Unauthorized*

Although we affirm the conviction, the sentence imposed for count 11 is unauthorized. The trial court erroneously imposed a concurrent 25-years-to-life sentence when the punishment for oral copulation with a child under subdivision (b) of section 288.7 is 15 years to life. The abstract of judgment also inaccurately

11

reflects a conviction in count 11 of "sexual intercourse sodomy w/child 10 yrs or younger" under section 288.7, subdivision (a). We accordingly order the abstract of judgment corrected. (See *People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 [unauthorized sentence may be corrected on appeal].)

### 3.    *One Strike Law*

Vasquez's final arguments relate to his punishment under the One Strike Law.

*Multiple indeterminate terms.* He argues only two of the seven indeterminate terms (one indeterminate term for each victim) imposed under the One Strike Law are authorized sentences. The remaining five concurrent terms are unauthorized under section 654.[3] Vasquez again acknowledges the law on this issue is against him but asserts he must raise it to preserve the issue.

For decades, California courts have consistently held that multiple life terms may be imposed under section 667.61 based on the multiple-victims circumstance. (*People v. Morales* (2018) 29 Cal.App.5th 471, 483 (*Morales*); accord *People v. Zaldana* (2019) 43 Cal.App.5th 527, 531-532, review granted March 18, 2020, S259731; *People v. Andrade* (2015) 238 Cal.App.4th 1274, 1305-1306; *People v. Valdez* (2011) 193 Cal.App.4th 1515, 1518-1522; see also *People v. DeSimone* (1998) 62 Cal.App.4th 693, 697-698 (*DeSimone*).) Although Vasquez correctly states the

---

[3]    Section 654 provides, in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

12

California Supreme Court has never ruled on this issue, the high court observed 20 years ago that "persons convicted of sex crimes against multiple victims within the meaning of section 667.61, [former] subdivision (e)(5) 'are among the most dangerous' from a legislative standpoint. (*DeSimone* at p. 698.) The One Strike scheme therefore contemplates a separate life term for each victim attacked <u>on each separate occasion</u>." (*People v. Wutzke* (2002) 28 Cal.4th 923, 931 [emphasis added].)

The Supreme Court has granted review to address sentencing under the One Strike law in *People v. Zaldana,* review granted March 18, 2020, S259731 and *In re Vaquera*, review granted November 26, 2019, S258376. Pending further guidance from the court, we agree with the Courts of Appeal and the observation in *Wutzke*.

Vasquez relies on *People v. Mancebo* (2002) 27 Cal.4th 735 to challenge multiple One Strike punishment on the ground that subdivision (f) of section 667.61 prohibits more than one use of a "triggering" element—in this case, the multiple victim circumstance.

Subdivision (f) of section 667.61 provides, in pertinent part, that if only the "minimum number" of circumstances have been pled and proved under section 667.61, that circumstance or those circumstances shall be used as the basis for imposing the enhanced 15-years-to-life or 25-years-to-life term, whichever is greater, "rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty or the punishment under another law can be imposed in addition to the punishment provided by this section. However, if any additional circumstance or circumstances . . . have been pled and proved, the minimum number of

circumstances shall be used as the basis for imposing the [One Strike] term . . . and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law."

*Mancebo* applied subdivision (f) to prohibit a firearm-use circumstance to be used to meet the "minimum number" of qualifying circumstances for purposes of One Strike sentencing *and* to impose a firearm sentencing enhancement under section 12022.5, subdivision (a). (*Mancebo, supra,* 27 Cal.4th at p. 740.) That did not happen in this case; the multiple-victim circumstance was only applied once to each count. `

***Double jeopardy.*** We also reject Vasquez's contention that his sentence violates double jeopardy principles. Courts that have considered this question have rejected it. In *DeSimone,* the court determined section 667.61 did not implicate state or federal double jeopardy concerns because the Legislature has authorized the multiple punishment imposed. (*DeSimone, supra,* 62 Cal.App.4th at p. 700; see also *Andrade, supra,* 238 Cal.App.4th 1274.) We agree with the analysis in *DeSimone* and *Andrade.*

***Cruel and/or unusual punishment.*** Lastly, Vasquez argues that his seven One Strike terms constituted cruel and/or unusual punishment. We agree with the trial court that it does not.

At sentencing, the trial court considered "whether or not given the defendant's age and the other appropriate sentencing considerations by this sentence that the court is imposing is cruel and unusual punishment." It concluded the sentence was not cruel and unusual given that there were two young and vulnerable victims who were abused over a period of years by

14

someone in a position of trust. The court further noted Vasquez faced a sentence of over 290 years plus multiple life sentences but the court "stopped well short of that and did so intentionally." The Legislature, by enacting the One Strike Law, clearly intended to punish individuals more severely for these types of incidents.

"A punishment violates the Eighth Amendment if it involves the 'unnecessary and wanton infliction of pain' or if it is 'grossly out of proportion to the severity of the crime.' (*Gregg v. Georgia* (1976) 428 U.S. 153, 173.) A punishment may violate article I, section 17 of the California Constitution if 'it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.' (*In re Lynch* (1972) 8 Cal.3d 410, 424.)" (*People v. Retanan* (2007) 154 Cal.App.4th 1219, 1230–1231.)

For the reasons articulated by the trial court, we conclude Vasquez's sentence was not grossly disproportionate to his offenses. Nor does it shock the conscience or offend fundamental notions of human dignity. (See *Retanan, supra,* 154 Cal.App.4th at p. 1231 ["Defendant was convicted of numerous sex crimes against four young girls, including the rape of a 10–year–old. He attempted to silence two of his victims by threats against the life of the person they loved the most. His many offenses were made possible by exploiting the trust of his victims' parents. [¶] Defendant's sentence is not disproportionate to the offender or the offenses. His claim of cruel and unusual punishment is without merit."].)

### *DISPOSITION*

The trial court is directed to prepare a corrected abstract of judgment reflecting that Vasquez was convicted in count 11 of

15

oral copulation with a child under subdivision (b) of section 288.7. The sentence for count 11 is modified to a concurrent term of 15 years to life. The trial court is directed to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


                      RUBIN, P. J.

WE CONCUR:


     BAKER, J.


     MOOR, J.


16